IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL SHANE WILMOTH,          )
                                )
ADC # 105408                    )        **Case No. 5:10-CV-00266 SWW-JTK**
    Petitioner,                 )
v.                              )
                                )
RAY HOBBS, Director, Arkansas   )
Department of Correction        )
    Respondent.                 )

### PROPOSED FINDINGS AND RECOMMENDATIONS

#### Instructions

The following recommended disposition has been sent to United States District Court Judge Susan Weber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Michael Wilmoth on August 31, 2010. (Doc. No. 1). A response was filed by Respondent Ray Hobbs on April 13, 2010. (Doc. No. 16). Petitioner did not file a reply brief. After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

Petitioner is currently an inmate in the Arkansas Department of Correction (ADC), and he seeks federal review of several disciplinary findings that arose from an incident that occurred on November 10, 2009. He and two other inmates allegedly brought contraband (tobacco and cell phones) into the Varner Unit through a hole that they cut in a fence behind the vocational technical facility. Petitioner pled guilty to the following three charges: 1) banding together

without administrative approval for the purpose of demonstration, work stoppage, disruption of unit operations or the like; 2) being out of place of assignment; and 3) possession of tobacco products. He pled not guilty to the following three charges: 1) possession/introduction of unauthorized electronic devices, 2) escape, or attempted escape, and 3) committing any act defined as a felony or misdemeanor.

On November 25, 2009, Petitioner attended a hearing on the matter, and he gave the following statement: "I am here to take responsibility for the part I played in this. I went through the fence to get the tobacco and I was given 2 packs of tobacco. I didn't know the cell phones were in there. I am sorry for what I did." Resp't's Resp. Ex. A, at 17, Doc. No. 16. He was ultimately found guilty of all six violations based upon witness statements, photos of the contraband, the hole in the fence, the tools used, the scratches on Petitioner's body from going through the fence, and officer statements. *Id.* at 18, 27. As a result, his good time class was reduced to IV; he was sentenced to 30 days in punitive isolation; his commissary, phone, and visitation rights were restricted for 60 days; and he forfeited 491 days of good time. *Id.* at 17.

Petitioner subsequently pursued an administrative appeal within the Arkansas Department of Correction based on arguments that 1) he had no knowledge of the cell phones, 2) the cell phones were not found in his possession, 3) he did not attempt to escape, but merely went through one of the outer fences to get the tobacco, 4) he did not bring contraband into the prison because he only intended to smoke the tobacco on the vocational technical facility grounds, 5) he was truthful about his involvement and actions in the matter, 6) Major Sammy D. Johnson had told him that he could help himself by helping Major Johnson, and 7) he was told he would not be charged with attempted escape or committing a crime. Resp't's Resp. Ex. B, Doc. No. 16. Petitioner's appeal was denied on December 29, 2009, and again on February 18,

2010. *Id.* Petitioner subsequently sought state habeas relief, but his petition was denied on August 24, 2010, because he failed to pay his filing fee and was not indigent. Pet'r's Ex., Doc. No. 7. Petitioner failed to seek relief through a writ of mandamus or declaratory judgment.

### Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254 based on the following five grounds: 1) he was illegally discriminated against because of his race, 2) no electronic device or tobacco was found in his possession, 3) he was coerced by Major Johnson into making untrue statements, 4) the date and time of the alleged offense is wrongly stated in the disciplinary action, and 5) Department of Correction procedures were not properly followed in the disciplinary action. He requests that the verdicts in the disciplinary action be overturned, reinstatement of his good time, and removal of the incident from his institutional record.

A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice[1] or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v.*

---

[1] Petitioner does not argue that he can show cause and prejudice. "Nor does he contend that enforcing the procedural default rule would result in 'a miscarriage of justice' by denying relief to a prisoner who is 'actually innocent,' that [this] procedural requirement is not firmly established and regularly followed, or that the state ground is otherwise inadequate." *Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010) (internal citations omitted).

*Boerckel*, 526 U.S. 838, 848 (1999) (internal citations omitted). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch*, 616 F.3d at 758 (citing *O'Sullivan*, 526 U.S. at 848). Although Petitioner's claims are procedurally barred because he has not presented his claims to *any* Arkansas courts, the Court will briefly address the merits of his claims.

When a prison disciplinary hearing may result in the loss of good time credits, an inmate must receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell,* 418 **U.S**. 539, 563-67 (1974)). Petitioner does not appear to dispute that he received all three of these things.

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . .'" *Id.* at 455 (quoting *United States ex rel. Vajtauer v. Comm'r of Immigration*, 273 U.S. 103, 106 (1927)). As noted above, the factfinder relied upon Petitioner's plea of guilty to the first three charges, witness statements, officer statements, photos of the contraband, the hole in the fence, the tools used, and the scratches on Petitioner's body from going through the fence. This clearly meets the requirements of due process because "[a]scertaining whether [the 'some evidence']

standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* Accordingly, there is no basis under federal law for providing Petitioner's requested relief.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

SO ORDERED this 4th day of May, 2012.

_____
United States Magistrate Judge